1   JEFFREY M. LENKOV, ESQ. (SBN 156478)
    jml@mmker.com
2   **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER** LLP
3   15th Floor at 801 Tower
    801 South Figueroa Street
4   Los Angeles, CA 90017
    Telephone: (213) 624-6900
5   Facsimile:  (213) 624-6999

6   Attorneys for Defendant
    MACY'S WEST STORES, INC. [Erroneously sued herein as MACY'S INC.]
7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                                          CV11-07824 MPP(FFMx)

11  LORI LYNN BENJAMIN,              )  **Civil Action No.:**
                                     )
12                      Plaintiffs,  )  **DEFENDANT MACY'S WEST-**
                                     )  **STORES' NOTICE OF REMOVAL**
13  vs.                              )  **OF ACTION UNDER 28 U.S.C.**
                                     )  **§1441(b); AND DECLARATION OF**
14                                   )  **JEFFREY M. LENKOV IN**
    MACY'S INC. A Business Entity; DOES )  **SUPPORT THEREOF**
15  1 through 50, Inclusive; ROE     )
    CORPORATION and ROE              )
16  PARTNERSHIP,                     )
                                     )  **DEMAND FOR JURY TRIAL**
17                      Defendants.  )
                                     )
18  _____ )

19      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20      **PLEASE TAKE NOTICE** that Defendant Macy's West Stores, Inc.

21  [erroneously sued herein as Macy's Inc.] hereby removes to this Court the State

22  Court action described below:

23      1.    On September 1, 2011, Plaintiff Lori Lynn Benjamin filed this action in

24  the Superior Court of the State of California, County of Los Angeles, as Case No.

25  SC113996. Attached hereto as Exhibit "A" is a true and correct copy of the

26  Summons and Complaint. Attached hereto as Exhibit "B" is a true and correct copy

27  of Defendant Macy's West Stores' answer.

28      2.    This action is a civil action of which this Court has original jurisdiction

under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant Macy's pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.    Diversity of the parties exists as Plaintiff is a citizen of the State of California, County of Los Angeles.

4.    Defendant Macy's West Stores, Inc., is an Ohio corporation with its headquarters and principal place of business located in the Cincinnati, OH.

5.    Plaintiff's lawsuit asserts a cause of action for negligence against Macy's, and is based upon his claim that she suffered from physical injury and damages, including lost earnings, allegedly caused by Macy's.

6.    Attached hereto as Exhibit "C" is Plaintiff's Statement of Damages which sets for the following damages sought by Plaintiff $500,000 for general damages.  In light of the alleged seriousness of the injuries claimed in Plaintiff's Complaint, and the fact that Plaintiff is seeking loss of wages, hospital and medical expenses, general damages, and other damages as well as pain and emotional distress, the amount in controversy in this action exceeds the $75,000 jurisdictional limit established by 28 U.S.C. section 1332(a).


Dated: September 20, 2011                MANNING & KASS
                                         ELLROD, RAMIREZ, TRESTER LLP

                                         By: _____
                                              Jeffrey M. Lenkov, Esq.

                                         Attorneys for Defendant
                                         Macy's West Stores, Inc.

## DECLARATION OF JEFFREY M. LENKOV

I, JEFFREY M. LENKOV, declare that:

1.      I am an attorney at law duly licensed to practice before this Court and all of the courts of the State of California. I am a partner of the law office of Manning Kass Ellrod, Ramirez, Trester, LLP, the attorneys for Defendant Macy's West Stores, Inc. (Erroneously sued herein as Macy's Inc.). If called upon to do so, I could and would testify to the following from my personal knowledge, except as to those matters stated on information and belief, as to which I believe them to be true.

2.      On September 1, 2011, Plaintiff Lori Lynn Benjamin filed this action in the Superior Court of the State of California, County of Los Angeles, as Case No. SC113996. Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint. Attached hereto as Exhibit "B" is a true and correct copy of Defendant Macy's West Stores' answer.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant Macy's pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      Diversity of the parties exists as Plaintiff is a citizen of the State of California, County of Los Angeles.

5.      Defendant Macy's West Stores, Inc., is an Ohio corporation with its headquarters and principal place of business located in the Cincinnati, OH.

6.      Plaintiff's lawsuit asserts a cause of action for negligence against Macy's, and is based upon his claim that she suffered from physical injury and damages, including lost earnings, allegedly caused by Macy's.

7.      Attached hereto as Exhibit "C" is Plaintiff's Statement of Damages which sets for the following damages sought by Plaintiff $500,000 for general damages. In light of the alleged seriousness of the injuries claimed in Plaintiff's

Complaint, and the fact that Plaintiff is seeking loss of wages, hospital and medical expenses, general damages, and other damages as well as pain and emotional distress, the amount in controversy in this action exceeds the $75,000 jurisdictional limit established by 28 U.S.C. section 1332(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at Los Angeles, California on September 20, 2011.

Jeffrey M. Lenkov

G:\docs\data\JML\Benjamin, Lori Lynn v. Macy's Pldgs Notice of Removal.wpd

NOTICE OF REMOVAL TO DISTRICT COURT

# DEMAND FOR JURY TRIAL

Defendant Macy's West Stores, Inc., hereby demands trial of this matter by jury.

Dated: September 20, 2011

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Jeffrey M. Lenkov, Esq.

Attorneys for Defendant
Macy's West Stores, Inc.

G:\docsdata\JML Benjamin, Lori Lyan v. Macy's Pldgs Notice of Removal.wpd

NOTICE OF REMOVAL TO DISTRICT COURT

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

MACY'S INC., A Business Entity, DOES 1 through 50, Inclusive; DOE
CORPORATION and ROE PARTNERSHIP

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

LORI LYN BENJAMIN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): | CASE NUMBER:<br>(Número del Caso): SC113006 |
|---|---|

Santa Monica Courthouse, 1725 Main Street, Santa Monica, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
 Abram C. Zukor, Esq., Zukor and Nelson, 9665 Wilshire Blvd., # 1050, B.H., CA  90212 (310) 274-0846

| DATE:<br>(Fecha) | Clerk, by<br>(Secretario) | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 0 1 2011

John A. Clarke, Executive Officer/Clerk

By _____A. WILLIAMS_____
                                    DEPUTY

1  Abram Charles Zukor, Esquire
   State Bar Number 60228
2  Marilyn H. Nelson, Esquire
   State Bar Number 137074
3  ZUKOR AND NELSON
   9665 Wilshire Boulevard, Suite 1050
4  Beverly Hills, California 90212
   Telephone: (310) 274-0846
5  Facsimile: (310) 278-4862

6  Attorneys for Plaintiff LORI LYNN BENJAMIN

CASE MANAGEMENT CONFERENCE

DEC 1 9 2011
_____
          Date

John H. Reid    Dept F   830am

10         SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                     COUNTY OF LOS ANGELES

12

13

14  LORI LYNN BENJAMIN,              )  Case No.:
                                     )                  SC113996
15        Plaintiff,                 )
                                     )
16                                   )
     vs.                             )
17                                   )  COMPLAINT    FOR    PERSONAL
   MACY'S INC., A Business Entity; DOES)  INJURIES DUE TO NEGLIGENCE
18  1  through  50,  Inclusive;  DOE)
   CORPORATION       and       ROE)
19  PARTNERSHIP,                     )
                                     )
20                                   )
          Defendants.                )
21                                   )
                                     )
22                                   )
                                     )
23                                   )
                                     )
24  _____)

25

26

27

28

                                    1
                             COMPLAINT

FIRST CAUSE OF ACTION

(By Plaintiff Against All Defendants for Negligence)

1.    At all times herein mentioned, plaintiff LORI LYNN BENJAMIN was and now is a resident of the County of Los Angeles, State of California.

2.    The true names and capacities, whether individual, corporate or otherwise, of defendants DOES 1 through 50, Inclusive, DOE CORPORATION and ROE PARTNERSHIP are unknown to plaintiff, who therefore sues said defendants by such fictitious names, and will seek leave of Court to amend this complaint to show their true names and capacities when the same have been ascertained.

3.    Plaintiff is informed and believes and on such information and belief alleges that at all times herein mentioned, defendant MACY'S, INC., A Business Entity (hereinafter referred to as "MACY'S") was and is now a business entity qualified to do business in the State of California.

4.    Plaintiff is informed and believes and on such information and belief alleges that at all times herein mentioned, defendants MACY'S and DOES 1 through 50, Inclusive, were the agents and employees of their co-defendants and, in doing the things herein alleged, were acting within the purpose and scope of said agency and employment.

5.    Plaintiff is informed and believes and on such information and belief alleges that at all times herein mentioned defendants MACY'S and DOES 1 through 50, Inclusive, owned, operated, managed, maintained and controlled MACY'S WESTFIELD MALL CENTURY CITY, a department store located at 10250 Santa Monica Boulevard, Los Angeles, California 90067. (hereinafter referred to as "PREMISES").

---

2

COMPLAINT

6.     On June 18, 2011, plaintiff LORI LYNN BENJAMIN was on the PREMISES.

7.     At said time and place, defendants MACY'S and DOES 1 through 50, Inclusive, negligently, carelessly, recklessly and unlawfully owned, operated, managed, maintained, designed and controlled the center aisle of the handbag section of the PREMISES, where a display table was draped with an oversized red table cloth in an unsafe, hazardous and dangerous manner.  The hazardous and dangerous condition was known, or in the exercise of ordinary and reasonable care would have been known to defendants and each of them, in adequate time for a reasonable, prudent person to warn of, or make safe the condition.

8.     As a direct and proximate result of the negligence, carelessness, recklessness and unlawfulness of defendants, and each of them, plaintiff LORI LYNN BENJAMIN was injured when, as she walked along the marble floor down the center aisle of the handbag section, her right foot became entangled in a display table's oversized red table cloth, thereby proximately causing her to fall to the ground and sustain the injuries and damages as hereinafter described.

9.     As a direct and proximate result of the negligence, carelessness, recklessness and unlawfulness of the defendants, and each of them, and the resulting unsafely cloth-covered display table on the PREMISES as herein alleged, plaintiff LORI LYNN BENJAMIN was injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause plaintiff LORI LYNN BENJAMIN great mental,

physical and nervous pain and suffering.  Plaintiff is informed and believes and on such information and belief alleges that said injuries would result in some permanent disability to plaintiff LORI LYNN BENJAMIN all to her general damage in an amount to be proven at the time of trial.

10.   As further proximate result of said negligence, plaintiff LORI LYNN BENJAMIN has been and in the future will be required to obtain the services of physicians and to incur other medical expenses.  At this time, plaintiff does not know the reasonable value of such services and expenses, but will ask leave to insert the same in this complaint when ascertained.

11.   At the time of the events described herein, plaintiff LORI LYNN BENJAMIN was gainfully employed.  As a further direct and proximate result of the negligence of the defendants as herein alleged, plaintiff LORI LYNN BENJAMIN was prevented from attending to her usual occupation or any occupation whatsoever and has been damaged in an amount to be determined at the time of the trial.  Plaintiff is informed and believes and on such information and belief alleges that by reason of the said negligence of the defendants and each of them, plaintiff will in the future, be prevented from attending to her usual occupation for an undetermined period of time, all to her damage in a sum unknown to her at this time, and plaintiff will ask leave to amend this complaint accordingly when the same has been ascertained.

/ / /

/ / /

WHEREFORE, plaintiff prays for judgment against defendants, as follows:

1.    For general damages in an amount to be proven at the time of trial;

2.    For all medical and related expenses according to proof;

3.    For costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

Dated: August 30, 2011                           ZUKOR AND NELSON

                                                 MARILYN H. NELSON, ESQUIRE
                                                 Attorney for Plaintiff

# EXHIBIT B

1  Jeffrey M. Lenkov, Esq.
   State Bar No. 156478
2  MANNING & KASS
   ELLROD, RAMIREZ, TRESTER LLP
3  15th Floor at 801 Tower
   801 South Figueroa Street
4  Los Angeles, CA 90017
   Telephone: (213) 624-6900
5
   Attorneys for Defendants
6  MACY'S WEST STORES, INC. [Erroneously sued herein as MACY'S INC. A Business Entity;
   DOES 1 through 50, Inclusive; ROE CORPORATION and ROE PARTNERSHIP]
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF LOS ANGELES, WEST DISTRICT

10

11 | LORI LYNN BENJAMIN,                    )  Case No.: SC113996
                                           )
12 |                Plaintiffs,            )  **ANSWER TO UNVERIFIED**
                                           )  **COMPLAINT; DEMAND FOR**
13 | vs.                                   )  **JURY TRIAL**
                                           )
14 | MACY'S INC. A Business Entity; DOES 1 through  )
   | 50, Inclusive; ROE CORPORATION and ROE        )
15 | PARTNERSHIP,                          )
                                           )
16 |                Defendants.            )
                                           )
17 |_____)

18        COMES NOW Defendant, MACY'S WEST STORES, INC. [Erroneously sued herein as

19 MACY'S INC. A Business Entity; DOES 1 through 50, Inclusive; ROE CORPORATION and ROE

20 PARTNERSHIP] and answering the unverified complaint on file herein, alleges as follows:

21        1.      Under the provisions of § 431.30 of the California Code of Civil Procedure, each and

22 every allegation, and all the allegations, and each cause of action in the Complaint, and the whole

23 thereof, is denied; and it is expressly denied that as a direct and proximate result of any act or

24 omission on the part of this answering defendant, that plaintiff sustained injury or damage in the

25 amount alleged, or in any amount, or amounts, or at all.

26                          **FIRST AFFIRMATIVE DEFENSE**

27        2.      AS A FIRST AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and

28 each cause of action thereof, this answering defendant alleges by way of a plea of comparative

                                         -1-

negligence that the plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if this defendant is found to have been negligent, and if the plaintiff is entitled to recover damages against this answering defendant by virtue of the Complaint, this defendant prays that said recovery be diminished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## SECOND AFFIRMATIVE DEFENSE

3.     AS A SECOND AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges by way of a plea of comparative negligence that the plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if the plaintiff is entitled to recover damages against this defendant by virtue of the Complaint, this defendant prays that said recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## THIRD AFFIRMATIVE DEFENSE

4.     AS A THIRD AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by plaintiff were directly and proximately caused and contributed to by the negligence of a third party(ies) in that the said third parties did not exercise proper or necessary care or control over plaintiff at about the time of the happening of the incident complained of.

## FOURTH AFFIRMATIVE DEFENSE

5.     AS A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges that plaintiff had knowledge of the risks and hazards involved in the activity at the time and place of the alleged incident and voluntarily engaging therein thereby assumed the risks and hazards thereof.

G:\docidata\JML\Benjiman, Lori Lynn x Macy's Pldgs\answer.wpd

ANSWER TO UNVERIFIED COMPLAINT, DEMAND FOR JURY TRIAL

### FIFTH AFFIRMATIVE DEFENSE

6.     AS A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that if plaintiff is entitled to a joint judgment against this defendant and the remaining defendants, and each of them, this defendant prays that this Court order each of the judgment debtors to pay to plaintiff their proportionate share of the joint judgment, the judgment debtor's proportionate share having been determined by the trier of fact; and if this defendant is required to pay plaintiff a disproportionate share of any joint judgment, this defendant prays leave of this Court to seek contribution by motion against any other judgment debtor not paying the proportionate share allocated to any such defendant by the trier of fact.

### SIXTH AFFIRMATIVE DEFENSE

7.     AS A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that plaintiff has failed to state facts sufficient to constitute a cause of action against defendant.       .

### SEVENTH AFFIRMATIVE DEFENSE

8.     AS A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof this defendant alleges that the injuries sustained, if any, were either wholly or in part, negligently caused by persons, firms, corporations, or entities other than this answering defendant, and said negligence is either imputed to plaintiff, by reason of the relationship of said parties to plaintiff and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

### EIGHTH AFFIRMATIVE DEFENSE

9.     AS AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges that the Complaint, and all causes of action therein, are barred by the statute of limitations of the Code of Civil Procedure, including but not limited to C.C.P. §§ 337.1, 337.15, 338 and 340.

### NINTH AFFIRMATIVE DEFENSE

10     AS A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, to the Complaint and each cause of action thereof, this defendant alleges that payments have heretofore been made on

1   behalf of defendant to plaintiff in an amount to be proved at trial without any admission of liability

2   or responsibility for the incident herein sued upon or the injuries alleged sustained. Defendant is,

3   pursuant to Insurance Code § 11583, entitled to a credit in that amount against any settlement made

4   or judgment rendered herein.

5                   **TENTH AFFIRMATIVE DEFENSE**

6       11.   AS AN TENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint

7   and each cause of action thereof, this defendant alleges that any injury, damage or loss suffered by

8   plaintiff was proximately caused by plaintiff's failure to use reasonable means to prevent

9   aggravation of plaintiff's conditions and to use reasonable means to mitigate damages to plaintiff.

10                 **ELEVENTH AFFIRMATIVE DEFENSE**

11       12.   AS AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the

12   Complaint and each cause of action thereof, this defendant alleges that liability, if any, for all non-

13   economic damages shall be allocated in direct proportion to each tortfeasor's percentage of fault.

14   Civil Code, § 1431, et seq.

15                 **TWELFTH AFFIRMATIVE DEFENSE**

16       13.   AS A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint

17   and each cause of action thereof, this defendant alleges that plaintiff has unreasonably failed to

18   mitigate damages, if any.

19                 **THIRTEENTH AFFIRMATIVE DEFENSE**

20       14.   AS A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the

21   Complaint and each cause of action thereof, this party was given no notice of any alleged dangerous

22   condition on its property in time to rectify any such alleged condition prior to the injuries of the

23   plaintiff.

24                 **FOURTEENTH AFFIRMATIVE DEFENSE**

25       15.   AS A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the

26   Complaint and each cause of action thereof, this answering defendant had no actual or constructive

27   knowledge of the alleged dangerous or unsafe condition which plaintiff claims caused her injures.

28

G:\docs\for IMI\Benjamin, Lisa\Lisa v. Macy's\Pldg\answer.wpd

## FIFTEENTH AFFIRMATIVE DEFENSE

16.     AS A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant alleges that this subject action is frivolous and plaintiff and her attorney are liable for sanctions pursuant to C.C.P. § 128.5 and § 128.7.

## SIXTEENTH AFFIRMATIVE DEFENSE

17.     AS A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant had no ownership interest in, or control of, the premises and/or area whereat plaintiff claims to have been injured.

**WHEREFORE**, answering defendant prays that plaintiff take nothing by the Complaint; that answering defendant have judgment for costs of suit incurred herein; and for such further relief as this Court may deem just and proper.

Dated:  September 19, 2011

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP


By: _____
        Jeffrey M. Lenkov, Esq.
Attorneys for Defendants
MACY'S WEST STORES, INC. [Erroneously sued herein as MACY'S INC. A Business Entity; DOES 1 through 50, Inclusive; ROE CORPORATION and ROE PARTNERSHIP]

## DEMAND FOR JURY TRIAL

Defendant, MACY'S WEST STORES, INC. [Erroneously sued herein as MACY'S INC. A Business Entity; DOES 1 through 50, Inclusive; ROE CORPORATION and ROE PARTNERSHIP] hereby demand trial of this matter by jury.

Dated:  September 19, 2011

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP


By: _____
        Jeffrey M. Lenkov, Esq.
Attorneys for Defendants
MACY'S WEST STORES, INC. [Erroneously sued herein as MACY'S INC. A Business Entity; DOES 1 through 50, Inclusive; ROE CORPORATION and ROE PARTNERSHIP]

-5-

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On September 19, 2011, I served the document described as **ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

> Abram Charles Zukor, Esq.
> Marilyn H. Nelson, Esq.
> ZUKOR AND NELSON
> 9665 Wilshire Boulevard, Suite 1050
> Beverly Hills, CA 90212
> Attorney for Plaintiff, Lori Lynn Benjamin
> 310 274-0846
> 310 278-4862 Fax

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document(s) in (an) envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above. I delivered said UPS envelope to the personnel of our mail room. I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery. Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by the express service carrier to receive documents, for overnight delivery.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number: .

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on September 19, 2011 at Los Angeles, California.

YVONNE F. SANCHEZ

# EXHIBIT C

Abram Charles Zukor, Esquire
State Bar Number 60228
Marilyn H. Nelson, Esquire
State Bar Number 137074
ZUKOR AND NELSON
9665 Wilshire Boulevard, Suite 1050
Beverly Hills, California 90212
Telephone: (310) 274-0846
Facsimile: (310) 278-4862

Attorneys for Plaintiff LORI LYNN BENJAMIN

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| LORI LYNN BENJAMIN, | Case No.: SC113996 |
| Plaintiff, | |
| vs. | STATEMENT OF DAMAGES |
| MACY'S INC., A Business Entity; DOES 1 through 50, Inclusive; DOE CORPORATION and ROE PARTNERSHIP, | |
| Defendants. | |

Plaintiff, LORI LYNN BENJAMIN, has incurred the following damages as a result of the above-entitled action:

1.   General Damages:                          $      500,000.00

2.   Medical Expenses (unknown):

Dated: September 7, 2011                    ZUKOR AND NELSON


                                           _____
                                           ABRAM CHARLES ZUKOR, ESQ.
                                           Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV11- 7824 MRP (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself   ☐ ) | DEFENDANTS |
|---|---|
| LORI LYNN BENJAMIN | MACY'S WEST STORES, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Abram C. Zukor, Esq.<br>ZUKOR AND NELSON<br>9665 Wilshire Boulevard, Suite 1050<br>Beverly Hills, CA  90212<br>310-274-0846<br>Attorneys for Plaintiff, LORI LYNN BENJAMIN | Jeffrey M. Lenkov, Esq.<br>MANNING & KASS, ELLROD, RAMIREZ, TRESTER LL<br>801 S. Figueroa Street, 15th Floor<br><br>213-624-6900<br>Attorneys for MACY'S WEST STORES, INC. |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

| | |
|---|---|
| 1 U.S. Government Plaintiff | 3 Federal Question (U.S. Government Not a Party) |
| 2 U.S. Government Defendant  X | 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X  1 | 1 | Incorporated or Principal Place of Business in this State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV.   ORIGIN** (Place an X in one box only.)

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 Original Proceeding | X  2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify): | 6 Multi-District Litigation | 7 Appeal to District Judge from Magistrate Judge |

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:**   X Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:**   ☐ Yes   X No     **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. SECTION 1332

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| 400 State Reapportionment | 110 Insurance | 310 Airplane | 370 Other Fraud | 510 Motions to Vacate Sentence Habeas Corpus | 710 Fair Labor Standards Act |
| 410 Antitrust | 120 Marine | 315 Airplane Product Liability | 371 Truth in Lending | | 720 Labor/Mgmt. Relations |
| 430 Banks and Banking | 130 Miller Act | 320 Assault, Libel & Slander | 380 Other Personal Property Damage | 530 General | 730 Labor/Mgmt. Reporting & Disclosure Act |
| 450 Commerce/ICC Rates/etc. | 140 Negotiable Instrument | 330 Fed. Employers' Liability | 385 Property Damage Product Liability | 535 Death Penalty | 740 Railway Labor Act |
| 460 Deportation | 150 Recovery of Overpayment & Enforcement of Judgment | 340 Marine | **BANKRUPTCY** | 540 Mandamus/Other | 790 Other Labor Litigation |
| 470 Racketeer Influenced and Corrupt Organizations | | 345 Marine Product Liability | 422 Appeal 28 USC 158 | 550 Civil Rights | 791 Empl. Ret. Inc. Security Act |
| 480 Consumer Credit | 151 Medicare Act | 350 Motor Vehicle | 423 Withdrawal 28 USC 157 | 555 Prison Condition | **PROPERTY RIGHTS** |
| 490 Cable/Sat TV | 152 Recovery of Defaulted Student Loan (Excl. Veterans) | 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | 820 Copyrights |
| 810 Selective Service | 153 Recovery of Overpayment of Veteran's Benefits | X 360 Other Personal Injury | 441 Voting | 610 Agriculture | 830 Patent |
| 850 Securities/Commodities/Exchange | 160 Stockholders' Suits | 362 Personal Injury-Med Malpractice | 442 Employment | 620 Other Food & Drug | 840 Trademark |
| 875 Customer Challenge 12 USC 3410 | 190 Other Contract | 365 Personal Injury-Product Liability | 443 Housing/Accommodations | 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| 890 Other Statutory Actions | 195 Contract Product Liability | 368 Asbestos Personal Injury Product Liability | 444 Welfare | 630 Liquor Laws | 861 HIA (1395ff) |
| 891 Agricultural Act | 196 Franchise | | 445 American with Disabilities - Employment | 640 R.R. & Truck | 862 Black Lung (923) |
| 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | 446 American with Disabilities - Other | 650 Airline Regs | 863 DIWC/DIWW (405(g)) |
| 893 Environmental Matters | 210 Land Condemnation | 462 Naturalization Application | 440 Other Civil Rights | 660 Occupational Safety/Health | 864 SSID Title XVI |
| 894 Energy Allocation Act | 220 Foreclosure | 463 Habeas Corpus-Alien Detainee | | 690 Other | 865 RSI (405(g)) |
| 895 Freedom of Info. Act | 230 Rent Lease & Ejectment | 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| 900 Appeal of Fee Determination Under Equal Access to Justice | 240 Torts to Land | | | | 870 Taxes (U.S. Plaintiff or Defendant) |
| 950 Constitutionality of State Statutes | 245 Tort Product Liability | | | | 871 IRS - Third Party 26 USC 7609 |
| | 290 All Other Real Property | | | | |

CV11-07824

**FOR OFFICE USE ONLY:**   Case Number

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No     ☐ Yes

If yes, list case number(s):

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No     ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)       A   Arise from the same or closely related transactions, happenings, or events; or

B   Call for determination of the same or substantially related or similar questions of law and fact; or

C   For other reasons would entail substantial duplication of labor if heard by different judges; or

D   Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Macy's West Stores, Inc. (Ohio) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.   SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  7/31/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |